1
2
3
4
5
6
7
8
9
10

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Pamela E. Prescott, Esq. (328243)
pamela@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Counsel On Signature Page]

Attorneys for Plaintiff,
Jessica Bautista

11
12

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JESSICA BAUTISTA,**
**Individually and On Behalf of All**
**Others Similarly Situated,**

**Plaintiff,**

v.

**MERLIN ENTERTAINMENTS**
**GROUP U.S. HOLDINGS INC., a**
**Delaware Corporation; and**
**LEGOLAND CALIFORNIA, LLC, a**
**Delaware limited liability company**

**Defendants.**

Case No.:  '20 CV 1128 GPC LL

**CLASS ACTION COMPLAINT**
**FOR VIOLATIONS OF:**

1) **CONSUMER LEGAL**
   **REMEDIES ACT, CAL. CIVIL**
   **CODE §§ 1750, *ET SEQ.*;**

2) **UNFAIR COMPETITION LAW,**
   **CAL. BUS. & PROF. §§ 17200,**
   ***ET SEQ.*;**

3) **UNJUST ENRICHMENT**

   **JURY TRIAL DEMANDED**

**CLASS ACTION COMPLAINT**

## INTRODUCTION

1.    Plaintiff JESSICA BAUTISTA ("Ms. Bautista," or "Plaintiff"), individually and on behalf of all others similarly situated, brings this action for damages and injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful practices and conduct of Defendants MERLIN ENTERTAINMENTS GROUP U.S. HOLDINGS INC. ("Merlin U.S."), and LEGOLAND CALIFORNIA, LLC ("Legoland LLC") (together "Legoland" or "Defendants") in violation of: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*.; (2) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq*.; and (3) for Unjust Enrichment.

2.    This action arises out of unfair and unlawful business practices stemming from the current COVID-19 global pandemic which has resulted in the closure of theme parks and other attractions throughout the United States.

3.    The Center for Disease Control and Prevention ("CDC") has classified COVID-19 as a serious threat to the health and safety of the public, and the World Health Organization declared the COVID-19 outbreak to be a pandemic.

4.    Plaintiff alleges the following based upon personal knowledge as to herself and her own acts, and on information and belief as to all other matters, including, the investigation conducted by and through her attorneys which includes, without limitation, a review of Defendant's public documents, announcements, and wire and press releases published by and regarding Defendants, and information readily obtainable on the internet.

## JURISDICTION

5.    Jurisdiction if proper under 28 U.S.C. § 1332(d) ("CAFA"), which provides for original jurisdiction of the federal courts of any class action in which any member of the class is a citizen of a state different from the defendant, and in

which the matter in controversy exceed, in the aggregate, the sum of $5,000,000, exclusive of interest and costs.

6.    Upon information and belief, many members of the proposed Classes are residents of states other than California.

7.    Upon information and belief, the total claims of individual members in this action are in excess of $5,000,000, where Plaintiff seeks a refund of the purchase price of hotel reservations and other services, which, when aggregated among the proposed class in the several thousands, exceeds the $5,000,000 threshold.

8.    Upon information and belief, Merlin U.S. is a Delaware corporation.

9.    Upon information and belief, Legoland LLC is a Delaware limited liability company.

10.    This Court has general and specific personal jurisdiction over Defendants because Defendants conduct business in the County of San Diego, State of California; and, upon information and belief Defendants main offices are located at 1 Legoland Drive, Carlsbad, CA 92008.

<b>VENUE</b>

11.    Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred within this judicial district and the Defendants conduct substantial business within this judicial district.

<b>PARTIES</b>

12.    At all times relevant, Plaintiff was and is an individual residing in the State of California.

13.    Defendants are a part of a multinational attractions company that owns, manages, and operates a portfolio of attractions across the world including theme parks and related facilities throughout the United States, including

Legoland California and other theme parks in the United States.

14.    Plaintiff alleges that at all times relevant herein, Defendants conducted business in the State of California, in the County of San Diego, and within this judicial district, including but not limited to trade or commerce through advertising and offering various goods and services to consumers in California and throughout the United States.

## FACTUAL ALLEGATIONS

15.    On or about March 6, 2020 Ms. Bautista purchased a two-night stay in a Princess Deluxe Room at the Legoland Castle Hotel located in Carlsbad, California for May 15, 2020 through May 17, 2020.

16.    Said hotel reservation came with four 3-day tickets to Legoland's California theme park, sea life, and water park.

17.    Ms. Bautista additionally purchased a Legoland Castle Hotel Birthday Package to be delivered the day of check-in.

18.    In total, Ms. Bautista paid close to $1,900 to Defendants for such goods or services.

19.    Mere days after this purchase, Governor Gavin Newsom issued a Stay at Home Order, requiring Californians to stay at home in their place of residence.[1] Governor Newsom acknowledged that in the early weeks of March 2020, COVID-19 "rapidly spread through California, necessitating the need for more stringent guidelines."[2]

20.    The rapid spread of the COVID-19 pandemic caused hundreds of thousands of people to fall ill, led to record high unemployment numbers, and critically damaged the stability of the stock market. As a result, many companies

---

[1] Executive Department State of California, Executive Order N-33-20, (March 19, 2020), https://www.gov.ca.gov/wp-content/uploads/2020/03/3.19.20-attested-EO-N-33-20-COVID-19-HEALTH-ORDER.pdf.
[2] *Id.*

experienced serious financial burdens as a direct result of the pandemic.

21.    Ms. Bautista could not have foreseen the rapid spread of COVID-19, nor could they have imagined such drastic measures would be implemented to prevent the spread of the virus.

22.    Immediately following the Order issued by Governor Newsom, Ms. Bautista contacted Legoland to cancel her upcoming hotel reservation and requested a refund due to the extenuating circumstances.

23.    On or about March 27, 2020, Legoland responded to Ms. Bautista's inquiry stating that she could not receive a refund for her upcoming stay. Ms. Bautista insisted that she did not want to risk her and her family's health by traveling to Legoland during a pandemic.

24.    Legoland eventually, after numerous correspondences, offered to simply "reschedule" Ms. Bautista's trip. Due to the rapid and everchanging nature of the current national health crisis, Ms. Bautista again requested a refund. Legoland once again refused to honor this reasonable request.

25.    Legoland California, including its onsite hotels, resorts, and theme parks, have remained closed to the public since March 2020.[3] Thus, even if Ms. Bautista desired to follow through with her May 15, 2020 trip to Legoland, she was prevented from doing so due to the indefinite closure of Legoland's hotels and theme parks by Defendants.

26.    The closure of the park should have meant that ticketholders and customers who reserved hotels were refunded their money in full, which money that in many cases was needed by consumers to pay for food, rent, healthcare costs, and other basic necessities during the COVID-19 pandemic.

27.    As a result of Defendants' knowing and willful failure to provide Ms.

---

[3] Legoland Vacations, Notification of Temporary Closure, https://vacations.legoland.com/california/booking/package/search.html    (last visited June 10, 2020).

Bautista with a refund during a global pandemic for its own economic gain, Ms. Bautista has suffered loss of money and actual damages due to Legoland's unfair and unlawful business practices.

28.    As a consequence of Legoland's unfair and deceptive practices, Ms. Bautista and other consumers similarly situated paid Legoland under the false impression that Legoland would provide the goods and services purchased, or that Legoland would provide refunds in the event the theme part was closed, including due to a public health crisis causing closure of the facilities indefinitely to the public.

29.    Ms. Bautista's case is one of the many of consumers who were not provided a refund after closure of the theme park and related services due to no fault of their own.

30.    Defendants exploited Mr. Bautista and similarly situated customers during a global health crisis simply to enrich themselves.

### CLASS ACTION ALLEGATIONS

31.    Plaintiff brings this action on behalf of Plaintiff and all others similarly situated (the "National Class" and "California Class").

32.    Plaintiff represents, and is a member of, the National Class, pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3), which is defined as follows:

> All persons in the United States who purchased hotel reservations, vacation packages or related goods or services from or for any of Defendants' attractions and theme parks for dates the attractions and theme parks were closed.

33.    Plaintiff represents, and is a member of, the California-Class, pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3), which is defined as follows:

> All persons in the United States who purchased hotel

reservations, vacation packages or related goods or services from or for any of Defendants' attractions and theme parks in California for dates the attractions and theme parks were closed.

34.    The National Class and California Class are jointly referred to as the "Classes."

35.    Excluded from the Classes are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

36.    Plaintiff reserves the right to redefine the Classes, including but not limited to expanding the class definition and adding one or more subclasses as appropriate based on discovery and specific theories of liability.

37.    The Class that Plaintiff seeks to represent contains numerous members and is clearly ascertainable including, without limitation, by using Defendant's records to determine the size of the Classes and to determine the identities of individual members of the Classes.

**Numerosity**

**38.**    The members of the Classes are so numerous that joinder of all members would be unfeasible and impractical. The membership of the Class is currently unknown to Plaintiff at this time. However, on information and belief, the class is likely to consist of several thousands, if not tens of thousands. Members of the Classes members can easily be identified through Defendants' records. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

**Commonality**

39.    There are questions of law and fact common to the Classes that

---

CLASS ACTION COMPLAINT                                                    PAGE 6 OF 19

predominate over any questions affecting only individual members of the Classes. Those common questions of law and fact include, without limitation, the following:

a) Whether Defendant continued to charge Plaintiff and the members of the Classes for good or services that were not rendered;

b) Whether Defendants knowingly or intentionally failed to provide Plaintiff and the members of the Classes a full refund of all monies paid to Defendants during times the attractions and/or theme parks were closed;

c) Whether Defendants' conduct constituted an unfair business practice;

d) Whether Defendants' conduct constituted an unlawful business practice;

e) Whether Defendants misrepresented their products and services to include characteristics, uses, or benefits which they do not have;

f) Whether Defendants mispresented that their products and services were the subject of a transaction, which had been supplied in accordance with previous representations when they had not;

g) Whether Defendant's conduct, practices, and misrepresentations related to the marketing, advertising, and sales of hotel reservations and tickets for their goods and services were unfair, deceptive, confusing, misleading, and/or unlawful in any respect, thereby violating the UCL and other applicable state law;

h) Whether Plaintiff and the members of the Classes are entitled to rescission, restitutionary, injunctive, declaratory, or other relief; and,

i) Whether members of the Classes are entitled to any such further relief as the Court deems appropriate.

**Typicality**

40.    Plaintiff is qualified to, and will, fairly and adequately protect the interests of each member of the Classes with whom they are similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all Class members' as demonstrated herein.

41.    Plaintiff represents and is a Class member of the Class because Plaintiff paid Defendants money to for a hotel reservation and related services at Defendants' theme park and hotel which were not rendered due to closure stemming from the COVID-19 pandemic, and Plaintiff refused a refund by Defendants despite multiple requests for a refund. Consequently, the claims of Plaintiff are typical of the claims of Class members and Plaintiff's interests are consistent with and not antagonistic to those of the other Class members whom Plaintiff seeks to represent.

42.    Plaintiff and all members of the Class have been impacted by, and face continuing harm arising out of, Defendants' violations or misconduct as alleged herein.

**Adequacy**

43.    Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom Plaintiff is similarly situated, as demonstrated herein.

44.    Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts, or differences with any Class member.

45.    Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of the causes of action asserted. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys'

fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class member.

46.    Neither Plaintiff nor Plaintiff's counsel have any interests adverse to those of the other Class members.

### Predominance

47.    Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members of the class. The elements of the legal claims brought by Plaintiff and members of the Class are capable of proof at trial through evidence that is common to the class rather than individual to its members.

### Superiority

48.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Even if every individual Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required.

49.    Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, conducting this action as a class action will present fewer management difficulties, conserve the resources of the parties and the court system, and protect the rights of each Class member.  Further, it will prevent the very real harm that would be suffered by numerous Class members who will be unable to enforce individual claims of this size on their own, and by Defendants' competitors, who will be placed at a competitive disadvantage because they chose to obey the law.  Plaintiff anticipates no difficulty in the

management of this case as a class action.

50.    The prosecution of separate actions by individual Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to those adjudications, or that would otherwise substantially impair or impede the ability of those non-party Class members to protect their interests.

51.    The prosecution of individual actions by members of the Classes would establish inconsistent standards of conduct for Defendants.

52.    Defendants have acted or refused to act in ways generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole. Likewise, Defendants' conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

53.    The Class may also be certified because:

(a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards of conduct for Defendants;

(b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and,

(c) Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

54.    This suit expressly is not intended to request any recovery for

personal injury and claims related thereto.

## FIRST CAUSE OF ACTION

### VIOLATION OF CAL. CIV. CODE §§ 1750, *ET SEQ.*

### [CALIFORNIA CONSUMERS LEGAL REMEDIES ACT ("CLRA")]

55.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56.    The Consumers Legal Remedies Act ("CLRA") applies to Defendant's actions and conduct as described herein because it extends to transactions that are intended to result, or which have resulted, in the sale of goods or services to consumers.

57.    Defendants are "persons" as defined by Cal. Civ. Code § 1761(c).

58.    Plaintiff and each member of the Class are "consumers" as defined by Cal. Civ. Code § 1761(a).

59.    The tickets and vacation packages, such as the Legoland Castle Hotel Birthday Package, constitute "goods" within the meaning of Cal. Civ. Code § 1761(a).

60.    Further, access to Defendants' hotels, theme parks, attractions, and related offerings are "services" within the meaning of Cal. Civ. Code § 1761(b).

61.    As described herein, Defendants have engaged in deceptive practices, unlawful methods of competition, and/or unfair acts as defined by Cal. Civ. Code §§ 1750 *et seq.*, to the detriment of Plaintiff and the Class.

62.    Defendants, acting with knowledge, intentionally, and unlawfully brought harm upon Plaintiff and the Classes by knowingly and/or purposefully failing to properly disclose that they would not provide refunds to those who purchased hotel stays or theme park tickets during Legoland's indefinite closure.

63.    Defendants, acting with knowledge, intentionally, and unlawfully brought harm upon Plaintiff and the Classes by knowingly and/or purposefully

failing to provide refunds to those who purchased hotel stays or theme park tickets during Legoland's indefinite closure, including following a reasonable request for a refund.

64.    Specifically, by not providing Plaintiff and members of the Classes with a monetary refund due to cancellations by Defendants, Defendants violated Cal. Civ. Code § 1750 in at least the following respects:

   a) In violation of § 1770(a)(5), by representing that Defendants' hotel reservations and related services have characteristics, uses, or benefits that it does not have;

   b) In violation of § 1770(a)(7), by Defendants misrepresenting the standard, quality or grade of the goods or service purchased;

   c) In violation of § 1770(a)(9), Defendants advertising good or services with the intent not to sell them as advertised; and,

   d) In violation of § 1770(a)(14), by representing that payment to Defendants for a hotel reservation confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law.

65.    The facts concealed or not disclosed by Defendants to Plaintiff and the Class, including that if the hotel and parks were closed due to a global pandemic or other nationwide disaster, Defendants would refuse to issue refunds to affected customers.

66.    Plaintiff and the Classes reasonably expected that their reservations would be refunded in the event of a nationwide pandemic requiring Defendants to close their hotels and venues.

67.    Through the conduct or omissions detailed herein, Defendants wrongfully induced Plaintiff and the other members of the Class to pay Defendants for hotel reservations when they otherwise would not have paid it if they been warned that the hotel and venue would not be open for the dates

purchased;

68.    Through the conduct or omissions detailed herein, Defendants wrongfully induced Plaintiff and the other members of the Class to pay Defendants for hotel reservations when they otherwise would not have paid it if they knew they would not be entitled to a refund in the event of closure of Defendants' hotel and venue due to a global pandemic.

69.    Through the conduct or omissions detailed herein, Defendants wrongfully induced Plaintiff and the other members of the Class to pay Defendants for hotel reservations when they otherwise would not have paid it if they knew they the hotel and attractions did not have characteristics or benefits as promised.

70.    As a direct and proximate result of Defendants' violations of Cal. Civ. Code §§ 1750, *et seq*., Plaintiff and each member of the Classes have suffered harm in the form of paying monies to Defendants for hotel reservations and related offerings and Defendants' withholding of said money when they otherwise would not have paid for it if they knew that they would not be entitled to a refund due to closures required by a global pandemic.

71.    Plaintiff intends to serve on Defendants a demand for corrective pursuant to Cal. Civ. Code § 1782.

72.    This claim is for equitable relief only at this time. Plaintiff reserves the right to amend the complaint in the future to plead money damages if the Defendants do not appropriately remedy their CLRA violations following a 30-day grace period.

73.    Attached hereto as Exhibit A is a sworn declaration from Plaintiff pursuant to Cal. Civ. Code § 1780(d).

74.    Under Cal. Civ. Code § 1780(a) and (b), Plaintiff, individually and on behalf of the Class, seeks an injunction requiring Defendants to cease and desist the illegal conduct alleged in this Complaint, and all other appropriate

remedies for its violations of the CLRA.

## SECOND CAUSE OF ACTION

## VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

## [CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")]

75.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as through fully stated herein.

76.    Plaintiff and Defendants are each "person[s]" as defined by California Business & Professional Code § 17201.

77.    California Business & Professional Code § 17204 authorizes a private right of action on both an individual and representative basis.

78.    "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs": (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

79.    By and through Defendants' conduct alleged in further detail above and herein, Defendant engaged in conduct that constitutes (a) unlawful, (b) unfair, and (c) fraudulent business practices prohibited by Bus. & Prof. Code § 17200 *et seq.*

### *(a) Unlawful" Prong*

80.    Defendants have committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Business & Professional Code §§ 17200, *et seq.*, in that they violate as described her within at least the following law: The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*

### *(b) "Unfair" Prong*

81.    Defendants' actions, representations or omissions constitute an

"unfair" business act or practice under Business & Professions Code §17200, *et seq*. in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

82.    Without limitation, it is an unfair business act or practice for Defendants to close their parks and attractions without offering monetary refunds to customers who purchased tickets or made hotel reservations that could no longer be used as scheduled due to the closures.

83.    Such conduct by Defendants is "unfair" because it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are led to believe that in the event of a nationwide pandemic and closure of facilities, they would receive a refund for services they could no longer use.

84.    Plaintiffs could not have reasonably avoided the injury they suffered. Indeed, immediately after Plaintiff was on notice of the closures due to COVID-19 and Governor Newsom's Order, Plaintiff urgently contacted Defendant requesting a refund but was denied a refund.

85.    Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date, as Defendant continues to refuse to provide Plaintiff, and those similarly situated, with refunds.

### *(c) "Fraudulent" Prong*

86.    Defendants' actions, representations or omissions constitute an "fraudulent" business act or practice under Business & Professions Code §17200, *et seq*. in terms of their online marketing and advertising of the hotel and related packages and services were likely to deceive a reasonable consumer by misleading them to believe they would only be charged for goods or services that they would actually have access to.

### THIRD CAUSE OF ACTION

#### UNJUST ENRICHMENT

87. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

88. Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendants.

89. "Under California law, the elements of unjust enrichment are: (a) receipt of a benefit; and (b) unjust retention of the benefit at the expense of another." *Valencia v. Volkswagen Grp. Of Am. Inc.,* No. 15-CV-00887-HSG, 2015 WL 4747533 at *8 (N.D. Cal. Aug. 11, 2015).

90. Plaintiff and members of the Classes conferred non-gratuitous benefits upon Defendants by purchasing hotel reservations, tickets, memberships, and other packages, thereby significantly increasing Defendants' revenue and profits, thereby unjustly enriching Defendants at the expense of and to the detriment of Plaintiff and the members of the Classes.

91. Defendants' retention of any benefit collected from Plaintiff's and Class Member's payments to Defendants, either directly or indirectly, violated principles of justice, equity, and good conscience. Thus, Defendants have been unjustly enriched and Plaintiff and Class Members are entitled to recover from Defendants all amounts that Defendants have wrongfully and improperly obtained.

92. As a result of Defendant's unlawful practices, Plaintiff and Class Members have suffered concrete harm and injury. Plaintiff and Class Members are therefore entitled to seek disgorgement and restitution of wrongful profits, revenue, and benefits conferred upon Defendants in a manner established by this Court.

93. Plaintiffs and Class Members request the Court enter an order awarding

Plaintiff and the Class Members Restitution, damages, and that they are entitled to recover their reasonable attorney's fees.

94. Plaintiffs and Class Members therefore also seek pre-and-post-judgement interest and attorney's fees and costs as allowed by statute, including without limitation those recoverable under Cal. Code Civ. Proc. § 1021.5, any common law "private attorney general" equitable doctrine, any "common fund" doctrine, any "substantial benefit" doctrine, and/or any equitable principles of contribution and/or other methods of awarding attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the Class, prays for the following relief against Defendants, and each of them:

- That this action be certified as a Class Action, establishing the Classes and any appropriate sub-classes that the Court may deem appropriate;

- Appointing Plaintiff as the representative of the Classes;

- Appointing the law firms representing Plaintiff as Class Counsel;

- That the Court find and declare that Defendants have violated the UCL and committed unfair, unlawful, and/or deceptive business practices;

- An order requiring Defendants to pay restitution to Plaintiff and the Class due to Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205 in the amount of the money paid to Defendants not refunded;

- An order requiring imposition of a constructive trust and and/or disgorgement of Defendants' ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to Plaintiff and members of the Class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or

constituting unfair competition;

- An Order enjoining Defendants from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws;
- Actual damages;
- Punitive damages;
- Costs of suit;
- Pre-Judgment and Post-Judgment interest;
- An award of reasonable attorneys' fees for Plaintiff and the Class pursuant to Code of Civil Procedure § 1021.5, and California Civil Code § 1780, the private attorney general doctrine, and/or any other applicable law; and,
- Any and all other relief as this Court may deem necessary or appropriate.

### JURY DEMAND

95. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 19, 2020                         Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:   /s/ Abbas Kazerounian
       ABBAS KAZEROUNIAN, ESQ.
       ak@kazlg.com
       ATTORNEY FOR PLAINTIFF

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (SBN: 216752)
tfriedman@ toddflaw.com
Thomas E. Wheeler (SBN: 308789)
twheeler@toddflaw.com
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

**Additional Plaintiff's Counsel**
**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey, Esq. (284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6806
Facsimile: (800) 520-5523

---

**CLASS ACTION COMPLAINT**                                   PAGE 19 OF 19

# EXHIBIT A

## <u>DECLARATION OF JESSICA BAUTISTA</u>

**I, JESSICA BAUTISTA, declare:**

1.     On March 6, 2020, I purchased a two-night stay at the Legoland California Restort (the "Purchase").

2.     At the time of my payment for the Purchase, I was residing in the County of Los Angeles, State of California.

3.     Legoland California Resort is located at One Legoland Drive, Carlsbad, CA 92008, within the County of San Diego, California.

4.     Also, it is my understanding that Merlin Entertainments Group U.S. Holdings Inc.  does business in the County of San Diego, State of California.


I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on June 19, 2020.


_____
Jessica Bautista